UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TITUS DION PETERSON,<br><br>    Defendant. | CASE NO. CR11-5566 BHS<br><br>ORDER |

This matter is before the Court on Defendant Titus Dion Peterson's motion for compassionate release. Dkt. 262. Because Peterson does not establish an entitlement to relief, the Court denies the motion.

## I. BACKGROUND

Following a bench trial, the Court found Peterson guilty of one count of Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846; three counts of Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 18 U.S.C. § 2; one count of Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; one count of Possession of a Firearm in Furtherance of Drug Trafficking in violation

ORDER - 1

of 18 U.S.C. §§ 924(c)(1)(A), 2; one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), (2); and one count of Tampering with a Witness in violation of 18 U.S.C. §§ 1512(b)(1), (b)(3). Dkts. 112, 163. On June 3, 2013, the Court sentenced Peterson to 240 months of imprisonment followed by eight years of supervised release. Dkts. 209, 210. Peterson is serving his sentence at Federal Correctional Institute Victorville. Dkt. 268 at 1. He is scheduled to be released on May 7, 2029. *Id.*

Peterson moves for compassionate release,[1] arguing that prison staff have been either unable or unwilling to adequately address his type 1 diabetes. Dkt. 262 at 1–2. He asserts that this lack of adequate medical treatment has resulted in low blood sugar episodes, high blood sugar episodes, atrial flutter, atrial fibrillation, loss of consciousness, need for emergency care treatment, and an overall "deteriorating physical condition." *Id.* at 2. He contends that "[t]he frequency and inability to control [his] blood sugar levels through medication, and frequent changes in the medication he receives, are the basis upon which [he is] asking the Court to enter a reduction in sentence to credit for time served." *Id.* at 10.

In a supplemental statement, Peterson asserts that, "[a]t this stage and brittleness of my type 1 diabetes <u>the only solution</u> to the problem(s) is an insulin pump." Dkt. 256 at 2 (emphasis in original). He reiterates that his type 1 diabetes is not being properly

---

[1] Peterson also moves for leave to file this motion overlength, Dkt. 260, and to seal certain exhibits filed in support of this motion, Dkt. 261. Both motions are GRANTED.

ORDER - 2

treated and he claims that, on one occasion, he was assaulted by prison guards when he was having an "insulin reaction." *Id.* at 5.

The Government opposes Peterson's motion.[2] Dkt. 265. Although the Government acknowledges that Peterson's type 1 diabetes is "uncontrolled,"[3] it asserts that this medical condition is not so extraordinary and compelling to warrant early release. *Id.* at 1, 6. It also contends that Peterson's medical records indicate that the Bureau of Prisons ("BOP") has adequately managed his medical condition. *Id.* at 6–8. Finally, it claims that Peterson has repeatedly refused medication and medical care offered by BOP. *Id.* at 6–7.

Peterson disputes the significance that the Government places on his refusal to take medication or receive medical care. Dkt. 269 at 3–4. He asserts that "[t]he term 'refusal' could . . . be better understood, in the context of the encounter, as simply a declination on the part of Mr. Peterson to avail himself of referral to medical if he believed it necessary." *Id.* at 3.

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(1)(A) authorizes prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

---

[2] The Government also moves to seal an exhibit filed in support of its response. Dkt. 266. That motion is GRANTED.

[3] The Government states that the warden acknowledged that his diabetes is uncontrolled "at least in part because he is failing to control it." Dkt. 265 at 7 (citing Dkt. 262-1 at 1).

ORDER - 3

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
     (i) extraordinary and compelling reasons warrant such a reduction;
. . .
   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A) provides, in pertinent part:

   [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
     (1)(A) Extraordinary and compelling reasons warrant the reduction;
. . .
     (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
     (3) The reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sent'g Comm'n 2021).

The application notes to this policy statement states, in relevant part:

> Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exists under any of the [following] circumstances:
>
>     . . . .
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 app. (1)(A)(ii).

Notably, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)); *see also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109–10 (6th Cir. 2020). Therefore, USSG § 1B1.13 provides merely helpful guidance to the Court when exercising its discretion.

For several reasons, Peterson fails to establish that extraordinary and compelling reasons warrant his release. First, it is not apparent from the record that Peterson has been denied access to satisfactory medical care or that his conditions have not been adequately addressed by BOP. Second, Peterson's apparent refusal to receive medication and

medical care offered by BOP weighs against the existence of extraordinary and compelling reasons warranting release. Finally, even if Peterson has been denied adequate access to medical care, a motion for compassionate release is not the proper vehicle to challenge his conditions of confinement. Rather, such a challenge is properly advanced in a petition for a writ of habeas corpus or through a civil suit challenging those conditions. *See, e.g.*, *United States v. White*, No. 19-CR-00341-GPC, 2021 WL 3493220, at *4 (S.D. Cal. Aug. 9, 2021) ("Should [defendant] believe the Bureau of Prisons is violating her right to adequate medical care, she is able to pursue a civil suit after exhausting appropriate administrative remedies."); *United States v. Numann*, No. 3:16-CR-00065-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (a petition for a writ of habeas corpus under 28 U.S.C. § 2241—not a motion for compassionate release—is a proper mechanism to challenge the conditions of confinement).

Because Peterson has not established extraordinary and compelling reasons warranting compassionate release, the Court need not consider the § 3553(a) factors. Accordingly, Peterson's motion for compassionate release is DENIED without prejudice.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant Titus Dion Peterson's motion for compassionate release, Dkt. 262, is **DENIED without prejudice**. Peterson's motion for leave to file an overlength motion, Dkt. 260, and motion to seal, Dkt. 261, are **GRANTED**. The Government's motion to seal, Dkt. 266, is also **GRANTED**.

//

//

1    Dated this 22nd day of February, 2023.

BENJAMIN H. SETTLE<br>United States District Judge

ORDER - 7